**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD ALBERT,

         Petitioner-Appellant,

v.

JAMES JANECKA, Warden, Lea
County Correctional Center;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

         Respondents-Appellees.

No. 05-2122

(D.C. No. CIV-04-1318 JB/RLP)

(D. New Mex.)

**ORDER**

Before **HENRY**, **McKAY,** and **EBEL**, Circuit Judges.

This is a pro se § 2254 appeal. Petitioner is currently serving sentences in

New Mexico state prison following his convictions for sexual assault on a minor.

Judgment was entered on those convictions on June 18, 1999. He did not file a

direct appeal in state court. Petitioner filed a 28 U.S.C. § 2254 petition on

November 22, 2004.

In the magistrate judge's proposed findings and disposition, he ruled that

the petition was time barred by the one-year limitation period contained in the

Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1). The

one-year limitation runs from "the date on which the judgment became final by

the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Petitioner had thirty days from his June 18, 1999, entry of judgment to seek direct review. Thus, Petitioner's window of time in which to file his § 2254 petition closed one year and thirty days after the date of his judgment of conviction, or July 18, 2000. But Petitioner did not file his habeas petition until November 22, 2004, past the time allowed.

The district court adopted the magistrate judge's findings and dismissed the action. Order (Mar. 29, 2005, D.N.M.). The district court also issued an order denying certificate of appealability on May 24, 2005. Petitioner now seeks from this court a certificate of appealability. The issues he raises on appeal are identical to those brought before the district court.

To grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). To meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed Petitioner's brief, the district court's disposition, the magistrate judge's recommendation, and the record on appeal.

Nothing in the facts, the record on appeal, or Petitioner's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the magistrate judge and adopted by the district court in its Order of March 29, 2005, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

We **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge